UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALL POINTS CAPITAL CORP., | : | |
| Plaintiff, | : | Civil Action No. 10-3471 (JAP) |
| v. | : | **OPINION** |
| TIMSTER TRUCKING INC., et al. | : | |
| Defendants. | : | |

Plaintiff brings this action alleging that defendant, Timster Trucking, Inc. ("Timster") is liable to Plaintiff as guarantor of the obligations of two companies, Shoreline Sand & Gravel, LLC ("SSG") and Shoreland Grading, Inc. ("SGI"), both of whom have defaulted on the guaranteed obligations. Presently before the Court is Plaintiff's motion for summary judgment. The motion is unopposed.

In addressing an unopposed summary judgment motion, the court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir.1990)(quoting *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir.1989)). The undisputed facts in this case establish that on or about September 25, 2008, SSG entered into a Purchase Money Security Agreement ("SSG Agreement") with Pinnacle Commercial Credit, Inc. ("Pinnacle") for the purchase of certain equipment. Declaration of Catherine ("Wilinski Decl.") Ex. A. On or about that same date, Timster executed an unconditional Guaranty of SSG's obligations in favor of Pinnacle. *Id.* Ex. B. Pinnacle subsequently assigned the SSG Agreement and the Guaranty to Plaintiff. *Id.* Ex. C.

Also on or about September 25, 2008, SGI entered a Purchase Money Security Agreement with Pinnacle to finance the purchase of, and grant a security interest in, certain agreements. *Id.* Ex. D. Timster again executed an unconditional Guaranty, whereby it guaranteed the obligations of SGI. *Id.* Ex. E. Pinnacle subsequently assigned these agreements to Plaintiff.

Both SSG and SGI defaulted on their obligations under their respective agreements in 2010. *Id.* ¶¶ 6, 12. In accordance with the agreements, Plaintiff accelerated the debt and declared all amounts immediately due and payable. Id. ¶¶ 7, 13. The agreements provide for a late charge of 5% of amounts unpaid for longer than 10 days and interest at a rate of 18% per annum.

The Court, having carefully reviewed the evidence before it, finds that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law. The Court finds that Timster is liable to Plaintiff pursuant to the Guaranties for the outstanding obligations of SSG and SGI, which, as of the date of the motion, totaled $37,640.03 and $753,153.78, respectively. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge